**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAUNCEY HOLLIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>R. GONZALEZ, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-01834-OWW-DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AMENDED COMPLAINT OR NOTICE OF VOLUNTARY DISMISSAL WITHIN THIRTY DAYS<br><br>(Doc. 1) |

**I.　Screening Order**

Plaintiff Chauncey Hollis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on December 2, 2008. (Doc. 1.) Plaintiff's complaint is presently before the Court for screening.

**　A.　Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

1

1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).

### B. Summary of Plaintiff's Complaint

Plaintiff is currently a state prisoner at Desert View Medium Community Correctional Facility in Adelanto, California. Plaintiff was formerly imprisoned at California Correctional Institution ("CCI") in Tehachapi, California, where the acts he complains of occurred. Plaintiff names as defendants: Correctional officer ("C/O") Sweeney; Warden R. Gonzalez of CCI; and CCI Sergeants who supervised C/O Sweeney.

Plaintiff alleges the following. On October 17, 2008, upon arrival at CCI, Plaintiff was strip searched in front of a photo lady named Tracy and other female counselors. Plaintiff filed a grievance regarding this which was never answered. On October 23, 2008, Plaintiff was ordered out of his cell along with other inmates, dressed only in boxers and shorts. Defendant Sweeney ordered Plaintiff to strip, open his mouth, lift his testicles, and spread his butt cheeks. When Plaintiff did not comply sufficiently, defendant Sweeney threatened to have Plaintiff shot if he did not comply to her satisfaction. Afterwards, defendant Sweeney handcuffed Plaintiff and left

him sitting in the dirt for two hours. Plaintiff was not permitted to go to the bathroom and subsequently urinated on himself.

Plaintiff alleges a violation of the Eighth Amendment. Plaintiff seeks defendant Sweeney to be fired, the sergeants to be disciplined, appointment of counsel, and monetary damages.

**C.     Plaintiff's Claims**

    **1.     *Linkage Requirement***

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff names defendant warden R. Gonzalez, but fails to link him to any violation of Plaintiff's federal rights. Plaintiff thus fails to state a cognizable claim against defendant R. Gonzalez. Plaintiff should note that supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442

U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

## 2. *Strip Search*

Plaintiff alleges a violation of the Eighth Amendment because of his humiliation during the search. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Although prison officials may conduct reasonable body searches of prisoners, the Eighth Amendment protects inmates from repetitive and harassing searches. Hudson v. Palmer, 468 U.S. 517, 530 (1984). Allegations of verbal harassment do not state a claim under the Eighth Amendment. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

Plaintiff's allegations also implicate the Fourth Amendment. Prisoners retain a very limited Fourth Amendment right to shield themselves from being observed nude. See Michenfelder v. Sumner, 860 F.2d 328, 333-34 (9th Cir. 1988). Routine visual body cavity searches do not violate prisoners' Fourth Amendment rights. See Bell v. Wolfish, 441 U.S. 520, 558 (1979); Thompson v. Souza, 111 F.3d 694, 700 (9th Cir. 1997). The Ninth Circuit has held

that prisoners do not have a clearly established right for such searches to be performed only by prison officials of the same gender. See Somers v. Thurman, 109 F.3d 614, 620 (9th Cir. 1997).

Here, Plaintiff's allegations do not rise to the level of a constitutional violation. Plaintiff's allegations of two instances of being searched before female correctional officers are not sufficient to state a cognizable Eighth Amendment claim. Plaintiff fails to allege a search that was repetitive or harassing. Plaintiff's allegation of a verbal threat is also not sufficient to state a claim.

Plaintiff also fails to allege a cognizable Fourth Amendment claim. Routine visual body cavity searches do not violate a prisoner's Fourth Amendment rights, and prisoners do not have a clearly established right for such cavity searches to be done by prison officials of the same gender. Plaintiff thus fails to state any cognizable claims under section 1983.

## II.  Conclusion

Plaintiff fails to state any cognizable claims under section 1983. For the reasons set forth above, Plaintiff's complaint is dismissed, with leave to file an amended complaint within thirty days. If Plaintiff does not wish to pursue this action, Plaintiff may file a notice of voluntary dismissal within thirty days.

If Plaintiff opts to amend, Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .

." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order;
4. Plaintiff may not add any new, unrelated claims to this action via his second amended complaint and any attempt to do so will result in an order striking the second amended complaint;
5. If Plaintiff does not wish to pursue this action, Plaintiff may file a notice of voluntary dismissal within **thirty (30) days** from the date of service of this order and
6. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **March 23, 2009**    /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE