# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAUNCEY HOLLIS, | CASE NO. 1:08-cv-1834 OWW DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| R. GONZALEZ, et al., | (Doc. 14) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**Findings and Recommendation Following Notice By Plaintiff**

I.  **Background**

   A.  **Procedural History**

Plaintiff Chauncey Hollis ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on December 2, 2008. On March 23, 2009, the Court dismissed the complaint with leave to file an amended complaint within thirty days. On May 26, 2009, after receiving an extension of time, Plaintiff filed his first amended complaint. On October 14, 2009, the Court screened the first amended complaint and found that it stated a cognizable claim against Defendant Sweeney for violation of the Fourth Amendment, and against Defendant Gonzales for retaliation in violation of the First Amendment, but failed to state any other cognizable claims. The Court ordered Plaintiff either to file a second amended complaint, curing the deficiencies identified, or notify the court of his willingness to proceed only against Defendant Sweeney or Defendant Gonzales. On November 16, 2009, Plaintiff notified the Court he did not wish to amend and is willing to proceed only against

1

Defendant Sweeney. Accordingly, the Court issues the following Findings and Recommendation.

**B.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 1949.

**II.     Summary of Plaintiff's First Amended Complaint**

Plaintiff is currently confined at Central Valley Modified Community Correctional Facility in McFarland, California. The events giving rise to this action occurred at California Correctional Facility ("CCI") in Tehachapi, at Desert View Modified Community Correctional Facility ("Desert View MCCF") in Adelanto, and at the California Institute for Men ("CIM") in Chino. Plaintiff seeks money damages and equitable relief.

**A.     Visual Body Cavity Search**

Plaintiff alleges that on October 23, 2008, a search was conducted in Building One, which included strip searches of all inmates. Plaintiff alleges that for inmates in his tier, the procedure involved strip searches of the inmates at their cell. Plaintiff states that he complied with the order to submit to a visual body cavity search. Plaintiff was then told to go to the recreation yard. As he

was walking to the basketball court, defendant Sweeney, who is female, ordered Plaintiff to stop and strip. Plaintiff contends that she ordered Plaintiff to submit to a second visual body cavity search despite being informed by Plaintiff that one had just been conducted. Plaintiff contends that he complied with the order but that defendant Sweeney then threatened to have officers shoot Plaintiff if he did not comply more fully. Plaintiff alleges that he was ordered to submit to a second search by defendant Sweeney. Once the search was completed to defendant Sweeney's satisfaction, Plaintiff was ordered to sit on the rocks near the basketball court. Plaintiff alleges that he was not permitted to use the toilet and that he subsequently urinated on himself. Plaintiff further alleges that the cuffs were too tight and that his legs, buttocks and arms became numb after sitting for two hours on rocks. Plaintiff seeks relief from defendant Sweeney for violation of the Fourth Amendment, Eighth Amendment, and the Equal Protection Clause of the Fourteenth Amendment.[1]

Plaintiff contends that search of the Building was in response to a fist fight between two inmates occurring six days earlier. Plaintiff alleges that defendants Director of Corrections ("Director") and Warden Gonzalez are liable for having authorized a plan to conduct strip searches of the inmates using both female and male officers.

### i. Fourth Amendment

The Fourth Amendment guarantees the right of the people to be secure against unreasonable searches, and its protections extend to incarcerated prisoners. *Bell v. Wolfish*, 441 U.S. 520, 545 (1979). In determining the reasonableness of a search under the Fourth Amendment, "[c]ourts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.* at 559. The reasonableness of a prisoner search is determined by reference to the prison context and strip searches that are excessive, vindictive, harassing or unrelated to any legitimate penological interest may not be reasonable. *Michenfelder v. Sumner*, 860 F.2d 328 at 332 (9th Cir. 1988). "When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate

---

[1] Plaintiff further contends that defendants violated various sections of Title 15. There is no independent cause of action for violation of Title 15 regulations. *Davis v. Kissinger*, No. CIV S-04-0878 GEB DAD P, 2009 WL 256574, *12 n.4 (E.D. Cal. Feb. 3, 2009).

penological interests." *Turner v. Safley*, 482 U.S. 78, 79 (1987).

The Ninth Circuit has not yet held that a cross-gender search in a prison setting violates a prisoner's rights under the Fourth Amendment. *Grummett v. Rushen*, 779 F.2d 491, 496 (9th Cir. 1985) (high potential for female guards to view male inmates disrobing, showering, and using toilet facilities did not render prison policies unconstitutional); *Jordan v. Gardner*, 986 F.2d 1521, 1524 (9th Cir. 1993); *Somers v. Thurman*, 109 F.3d 614, 620 (9th Cir. 1997). Rather, a prisoner's legitimate expectations of bodily privacy from persons of the opposite sex are extremely limited. *Jordan*, 986 F.2d at 1524; *see also Michenfelder*, 860 F.2d at 328 (visual body-cavity searches of male inmates conducted within view of female guards held constitutional).

Plaintiff contends that the search conducted by defendant Sweeney was repetitive and harassing. Under the minimal federal notice pleading standard, Plaintiff's allegations that defendant Sweeney ordered Plaintiff to submit to a second visual body cavity search despite having knowledge that a search had just been conducted, and that she threatened to have Plaintiff shot during the search, are sufficient to state a cognizable Fourth Amendment claim against her. However, Plaintiff's claims are insufficient to state a viable claim against defendants Director and Gonzalez. Their approval of a plan that allows for visual body searches by female officers does not state a cognizable claim for violation of the Fourth Amendment. *Grummett*, 779 F.2d at 496; *Jordan*, 986 F.2d at 1524; *Somers*, 109 F.3d at 620.

### ii. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

4

Plaintiff alleges excessive force and deliberate indifference by defendant Sweeney arising from the visual body cavity search.[2] However, Plaintiff fails to state a claim against her for violation of the Eighth Amendment. Even assuming that Plaintiff's allegations satisfy the subjective component of the *Hudson* analysis, Plaintiff fails to meet the objective component. The Court does not find that an order to comply with a strip search, even in a situation where a similar search had recently been completed by other prison staff, is objectively harmful enough to establish a violation of the Eighth Amendment. Further, "[c]ross-gendered searches cannot be called inhumane and therefore do not fall below the floor set by the objective component of the Eighth Amendment." *Somers*, 109 F.3d at 623.

Finally, the circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006). Plaintiff's allegations that he was forced to sit outside on rocks for two hours, that his hand cuffs were too tight, and that he was not permitted to use the restroom fail to rise to the level of a constitutional violation. There is nothing to suggest that the officer "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." *Farmer*, 511 U.S. at 837.

With respect to defendants Director and Gonzalez, Plaintiff also fails to state a cognizable Eighth Amendment claim against them. An allegation that they approved of a plan to search inmates, and that a female officer was included as a member of the strip search team, does not meet either the subjective or objective components of an Eighth Amendment claim. Plaintiff has not alleged that defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or

---

[2] When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm. *Hudson*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response.

The Court does not find Plaintiff's Eighth Amendment claim based on an a theory of excessive force viable because there are no allegations of physical force alleged. Further, verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation. *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987).

safety." *Id.* Plaintiff has also failed to allege any wrongdoing that is objectively harmful enough to establish a constitutional violation. *Somers*, 109 F.3d at 623.

### iii. Equal Protection Clause

Next, Plaintiff alleges that the search violated the Equal Protection Clause of the Fourteenth Amendment. "Section 1983 claims based on Equal Protection violations must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent." *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998). Plaintiff has not sufficiently alleged that defendants Sweeney, Director or Gonzalez acted with an intent or purpose to discriminate against Plaintiff based upon membership in a protected class, *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), and a bare allegation that Plaintiff, who is male, was searched by a female correctional officer is not sufficient to show that defendants acted with a discriminatory amicus towards male prisoners. Plaintiff fails to state a viable claim for violation of the Fourteenth Amendment.

### iv. Due Process Clause

Finally, Plaintiff alleges that defendant Gonzalez and Director violated due process.

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Plaintiff has not alleged any facts that would support a claim that he was deprived of a protected interest without procedural due process.

"To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998). Plaintiff has not alleged any facts that would support a claim that his rights under the substantive component of the Due Process Clause

were violated.

### B. Retaliation Claim

Plaintiff additionally alleges that defendants Gonzalez and Director retaliated against Plaintiff for filing prison grievances by transferring him from CCI to Desert View MCCF on January 26, 2009.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Under the minimal federal notice pleading standard, Plaintiff's allegations that defendant Gonzalez responded to Plaintiff's grievance activity by transferring him to another facility is sufficient to state a claim for retaliation against him. However, Plaintiff's allegations are insufficient to state a claim against defendant Director. Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense[.]...Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 1950; *see* Fed. R. Civ. P 8(a)(2). The Court does not find plausible an allegation that the Director of CDCR would personally intervene to have Plaintiff transferred from one CDCR facility to another, in retaliation for Plaintiff pursuing prison grievance activity.

Accordingly, Plaintiff states a claim only against defendant Warden Gonzalez for retaliation, in violation of the First Amendment.

///

### C. Plaintiff's Other Claims Arising at CCI

In addition to the claims discussed above, Plaintiff further alleges retaliatory activity by various other prison staff members at CCI. A summary of these claims is provided by the following paragraphs.

Plaintiff alleges that defendant librarian R. Hackett denied Plaintiff access to the law library, thereby raising claims for denial of access to the courts, retaliation, violation of due process and violation equal protection.

Plaintiff further alleges that defendant Correctional Officer Hawkins deliberately rerouted Plaintiff's mail and searched his cell in retaliation for Plaintiff's grievance activity. Plaintiff alleges claims for violation of the Eighth Amendment, as well as violations of due process and equal protection. Plaintiff alleges similar claims against defendant Correctional Officer Reed, whom Plaintiff states retaliated against him by moving him to another cell.

Plaintiff also alleges that defendant Appeals Coordinator Sampson violated Plaintiff's rights under the Eighth and Fourteenth Amendments by failing to answer or acknowledge Plaintiff's inmate grievances.

#### i. Rule 18(a)

Plaintiff may not proceed in one action on a myriad of unrelated claims against different staff members. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d at 607.

At this juncture, Plaintiff states only a claim against defendant Sweeney for violation of the

8

Fourth Amendment, and against defendant Gonzalez for retaliation in violation of the First Amendment. Upon review, the remainder of Plaintiff's claims arising at CCI are unrelated to either of the cognizable claims identified. Plaintiff may not proceed with unrelated claims against different defendants in a single suit. *Id.* Accordingly, Plaintiff may not pursue his claims against defendants Hackitt, Hawkins, Reed or Sampson in this action.

### D. Plaintiff's Claims Concerning his Conditions of Confinement at Desert View MCCF and at CIM

For the same reasons discussed above, Plaintiff may not pursue his claims arising from his conditions of confinement at Desert View MCCF or at CIM in this action. The claims alleged against correctional staff at those facilities are unrelated to the cognizable claims alleged against defendants Sweeney and Gonzalez arising at CCI. To allow Plaintiff to pursue those unrelated claims here would result in a violation of Rule 18(a). Plaintiff is not prevented from pursuing those claims if he wishes; however, he may not litigate them in this action.

## III. Conclusion and Recommendation

Plaintiff's first amended complaint states a claim against Defendant Sweeney for violation of the Fourth Amendment arising from the strip search incident on October 23, 2008. Plaintiff also states a claim for retaliation in violation of the First Amendment against defendant Warden Gonzalez, for purportedly transferring Plaintiff to a different CDCR facility in response to Plaintiff's grievance activities. Although both claims arise at CCI and the Court identifies both claims as cognizable, the claims are unrelated. Plaintiff may not proceed with a "mishmash of a complaint" and therefore cannot proceed with both claims in this one action. *George*, 507 F.3d at 607. Plaintiff has indicated that he is willing to proceed only against Defendant Sweeney in this action.

Accordingly, the Court HEREBY RECOMMENDS the following:

1) This action proceed on Plaintiff's first amended complaint, filed May 26, 2009, against Defendant Sweeney for violation of the Fourth Amendment;

2) Plaintiff's claim against Defendant Gonzalez for retaliation in violation of the First Amendment be DISMISSED without prejudice;

3) Plaintiff's claims against Defendants Hackitt, Hawkins, Reed and Sampson be

9

DISMISSED without prejudice;

4) Plaintiff's claims arising at Desert View Modified Community Correctional Facility and at the California Institute for Men be DISMISSED without prejudice;

5) Plaintiff's claims against Defendant Director of CDCR be DISMISSED with prejudice for failure to state a claim upon which relief may be granted; and

6) Plaintiff's Eighth Amendment and Equal Protection claims be DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:  **June 18, 2010**                    **/s/ Dennis L. Beck**
                                             UNITED STATES MAGISTRATE JUDGE