1

2

3

4

5

6
                IN THE UNITED STATES DISTRICT COURT FOR THE

7
                        EASTERN DISTRICT OF CALIFORNIA

8

9   CHAUNCEY HOLLIS,                          1:08-CV-1834-OWW-DLB  (PC)

10                  Plaintiff,

11  v.                                        FINDINGS AND RECOMMENDATION
                                              TO DISMISS CASE FOR PLAINTIFF'S
    R. GONZALEZ, et al.,                      FAILURE TO PROSECUTE
12

13                  Defendants.               OBJECTIONS DUE WITHIN THIRTY
                                              DAYS
14  _____/

15          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil

16  rights action pursuant to 42 U.S.C. section 1983.

17          On June 21, 2010, the court issued a Findings and Recommendation and served the

18  order on plaintiff.  On July 6, 2010, the order served on plaintiff was returned by the U.S. Postal

19  Service as undeliverable.

20          Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep

21  the court apprised of his or her current address at all times.  Local Rule 183(b) provides, in

22  pertinent part:

23              If mail directed to a plaintiff in propria persona by the Clerk is
                returned by the U.S. Postal Service, and if such plaintiff fails to
24              notify the Court and opposing parties within sixty (60) days
                thereafter of a current address, the Court may dismiss the action
25              without prejudice for failure to prosecute.

26

27  In the instant case, sixty days have passed since plaintiff's mail was returned and he has not

28  notified the court of a current address.

-1-

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988). The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending [amount of time]. The court cannot hold this case in abeyance indefinitely based on plaintiff's failure to notify the court of his address. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the court's inability to communicate with plaintiff based on plaintiff's failure to keep the court apprised of his current address, no lesser sanction is feasible.

## RECOMMENDATION

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for plaintiff's failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __October 1, 2010__        _____ /s/ **Dennis L. Beck** _____
                                    UNITED STATES MAGISTRATE JUDGE